IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ACE PATTERSON,

    Petitioner,

vs.                                               Case No. 4:06cv138-WS/WCS

JAMES McDONOUGH,

    Respondent.

                                /


## REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION

       Petitioner filed a 28 U.S.C. § 2254 petition with supporting exhibits. Doc. 1-1 (petition) and 1-2 (exhibits). In response to an order to show cause why the petition should not be summarily dismissed as untimely, doc. 5, Petitioner filed a response and a memorandum in support of the § 2254 petition. Docs. 6 and 7. The memorandum was found not in proper form and denied as a request to supplement or amend. Doc. 8, pp. 1-3. The petition (including exhibits) and response to order were served on Respondent. *Id.*, p. 3.

Respondent filed a motion to dismiss the petition as untimely, along with the state court records. Doc. 14. Petitioner filed a motion to strike the motion to dismiss, doc. 16, which is considered here as a reply.

As set forth in the order to show cause:

> Petitioner challenges his conviction of May 13, 1998, out of Madison County. He notes the one year time limit for filing a § 2254 petition, but claims entitlement to statutory and equitable tolling.
>
> There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The period may be subject to equitable tolling, but "the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling. Because of the difficult burden, [the Eleventh Circuit] has rejected most claims for equitable tolling." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (collecting cases).
>
> Petitioner calculates the time as follows. He asserts that the mandate issued on July 14, 1999, and the time remained tolled until September 22, 1999, while he had "no access to the courts / per, no access to the law library or material to work on his case." Doc. 1, p. 5. Petitioner contends that, adding the 90 days for seeking certiorari to *that* date, his one year ran from December 22, 1999, to December 22, 2000. *Id.* Asserting that he lost 27 days as a result of 11 prison transfers, Petitioner claims the time was further tolled until January 18, 2001. *Id.* He also asserts entitlement to tolling while requests for relief were pending in state court, beginning with his petition for writ of habeas corpus filed on November 1, 2000. *Id.*, pp. 6-8.
>
> This is not a proper calculation of the time. The judgment was affirmed on June 28, 1999. Patterson v. State, 736 So.2d 1185 (Fla. 1st DCA 1999) (Table). Petitioner did not seek rehearing or file a petition for writ of certiorari. Doc. 1, p. 2. His conviction therefore became final on or about Monday September 27, 1999, when the 90 days for seeking certiorari expired. Clay v. United States, 537 U.S. 522, 525-527, 123 S.Ct. 1072, 1075-76, 155 L.Ed.2d 88 (2003) (conviction is final when the time

> for seeking certiorari expires; under S.Ct. Rule 13(3) the 90 days for filing runs from the date of the order and not the mandate) (citations omitted).
>
> Unless a later commencement date applies or the period was tolled, Petitioner's time for filing a § 2254 petition expired on September 27, 2000. Absent other tolling before that date, by the time the petition for writ of habeas corpus was filed in state court on November 1, 2000, there was no time left to toll. Tinker v. Moore, 255 F.3d 1331, 1333-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (involving a Florida prisoner who filed a Fla.R.Crim.P. 3.850 within the two years for filing such a motion, but the one year of § 2244(d) had already expired); Jackson v. Sec'y for the Dep't of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (*citing* Tinker on this point; holding that timeliness may be raised *sua sponte*).

Doc. 5, pp. 1-3 (footnotes omitted). Petitioner was advised that, in addition to running from the date on which the conviction became final, the one year may also commence from "the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence." *Id.*, pp. 1-2 and n. 1 (citing § 2244(d)(1)(A)-(D)).

Because Petitioner filed a response to order claiming actual innocence and entitlement to equitable tolling, doc. 6, Respondent was required to file a response. Doc. 8. Respondent filed the now pending motion to dismiss. Doc. 14.

A review of the motion to dismiss, supporting exhibits, and Petitioner's responses (both to the order to show cause and to the motion to dismiss) leads to the same conclusion suggested in the order to show cause. The voluminous portions of the

record provided by Respondent do not affect the analysis.[1]  If Petitioner's one year had already expired by the time his state petition for writ of habeas corpus was filed, then his § 2254 petition is untimely and should be dismissed unless actual innocence or equitable tolling excuses the untimeliness.  Any documents filed in state court after the time limit expired could not toll the time under § 2244(d)(2) or restart the one year period.  Similarly, while conceivable that subsequent filings would show continued due diligence for equitable tolling purposes (discussed ahead), all possible diligence cannot toll or restart the period which has (for lack of statutory or equitable tolling) already expired.

     Petitioner asserted in response to the order to show cause that he was held at the North Florida Reception Center (NFRC) until his transfer to Santa Rosa Correctional Institution on October 19, 1999, and was denied access to the law library while at NFRC.  Doc. 6, pp. 2-3.[2]  As a result of the denial of access to the library, Petitioner alleges that he was not aware that he could seek rehearing or file a petition for writ of certiorari following the appellate court's opinion.  *Id.*, p. 3.  Had he known, Petitioner

---

[1] Respondent was directed to file relevant portions of the record pursuant to § 2254 Rule 5.  Respondent filed voluminous exhibits.  *See* doc. 14, attached list of exhibits (pp. 53-57 of electronic docket).  The trial transcripts are generally unnecessary to the court's determination of timeliness.  For future reference, counsel is advised that if there is a genuine issue of timeliness, it is appropriate to file only those documents related to the timeliness issue.

[2] Doc. 6 is styled as "Response to Court Order," attached to which is Petitioner's "Response to Court's Order to Show Cause Why Petition Should Not Be Dismissed."  The latter (p. 2 of the electronic docket) is p. 1 of Petitioner's argument.  The court references the pages assigned by Petitioner to the attachment.

claims, he would have filed for rehearing and sought certiorari review, and the time would have been further tolled. *Id.*

Petitioner asserts that he was returned to NFRC for medical treatment from December 7, 1999, until January 4, 2000, then returned to Santa Rosa Correctional Institution. *Id.* He claims that on January 16, 2000, he was attacked and beaten, and placed into protective management until March 4, 2000. *Id.*, p. 4. Petitioner claims that security personnel in protective management impound items considered a security risk, including all pens and pencils. *Id.* He claims that every day he was in protective management he asked for and was denied a pen because they did not have them. *Id.* He claims he was told to write a request to the library, but that this was impossible without a writing instrument. *Id.*

Petitioner alleges that he was transferred to Washington Correctional Institution on March 4, 2000, that he then returned to his legal work and has been diligent in pursuing remedies since that time. *Id.* He also claims that he mailed his state habeas corpus petition not on November 1 but on October 14, 2000, so the time should be tolled an additional 17 days. *Id.* Petitioner claims that from October 14, 2000, he has continuously had a properly filed motion or petition pending in state court. *Id.*, p. 5.

In his motion to strike (responding to the motion to dismiss), Petitioner claims entitlement to equitable tolling due to lack of access to a law library during his prison transfers. Doc. 16, pp. 2-3. He claims that dismissal of his claims as untimely would result in a miscarriage of justice. *Id.*, p. 4-5.

Accepting as true Petitioner's claim that he filed his state court petition on October 14, 2000,[3] this was more than one year after his conviction became final on September 27, 1999.  Unless the one year period commenced from a later date, or Petitioner is entitled to equitable tolling, there was no time left to toll when the first state petition was filed and the § 2254 petition is untimely.

Petitioner's alleged lack of access to the courts could potentially affect the date on which the one year period commenced, or justify equitable tolling of the period after it had commenced.

The one year period may begin from:

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

§ 2244(d)(1)(B).  But "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."  Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000).  To show an impediment which would trigger the later commencement date for the one year period, Petitioner must demonstrate both actual harm or injury – *i.e.*, that he was actually prevented from exercising his right of access to courts to attack his sentence or conditions of confinement – *and* that the impediment was unconstitutional because not "reasonably

---

[3] As noted by Respondent, the state petition is not dated, and was docketed on November 7, 2000.  Doc. 14, p. 10, n. 6 and Ex. K (copy of the appellate court's docket and the state petition).  While Petitioner stated in his sworn § 2254 petition that the state petition was filed on November 1, 2000, he then claimed in his unsworn response to court order that the petition was filed October 14, 2000.  Doc. 14, p. 10, n. 6 (referencing docs. 1 and 6).  There is no need to decide because, under either filing date, the petition is untimely absent a later commencement date or equitable tolling.

related to legitimate penological interests." 204 F.3d at 1090, *quoting* Lewis v. Casey, 518 U.S. 343, 361, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (other citations omitted).[4]

Petitioner has not shown actual harm caused by the brief periods of time he lacked access to a law library or writing implements.[5] Moreover, he has not shown that any denial of access was not reasonably related to legitimate penological interests. It is reasonable for the reception center, where the majority of inmates are held only temporarily (either before more permanent placement or for medical treatment), to deny access to law library for inmates, like Petitioner, held there only briefly. It is reasonable that sharp objects, like pens and pencils, be confiscated from inmates held in protective management.

The question remains whether, after the period commenced upon Petitioner's conviction becoming final, the time should be equitably tolled for the periods when Petitioner had no access to a law library, or when he had no writing instruments. As Petitioner was advised in the show cause order quoted above, he has the difficult

---

[4] Akins involved the one year time limit for filing a 28 U.S.C. § 2255 motion, which similarly provides for later possible commencement dates. *See* § 2255 ¶ 6, subsection (2) (commencing the time from the date a government created unconstitutional impediment to filing is removed, if the movant was prevented from making a motion by such governmental action).

[5] The fact that Petitioner did not have access to a library while he was still represented by counsel on appeal probably would not state a claim in any case. *See* Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (prison authorities must provide "adequate law libraries or adequate assistance from persons trained in the law."); Lewis, 518 U.S. at 346, 116 S.Ct. at 2177 (quoting Bounds). The failure to discover possible motions counsel might have filed, which may or may not have had merit but would have extended the one year period, is far too attenuated to state any denial of access to the courts.

burden of showing both extraordinary circumstances *and* due diligence in order to be entitled to equitable tolling.  Doc. 5, pp. 3-4 and cases cited.  *See also* Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)[6] (repeating that a showing of extraordinary circumstances or diligence will not suffice, a prisoner must establish both) (citations omitted).  Stated differently, "to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control."  Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002), *cert. denied,* 537 U.S. 1237 (2003).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Id.*, at 1286, *citing* Helton v. Sec'y for the Dept. of Corrections, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002) (other citation omitted).

In determining extraordinary circumstances the court looks to the circumstances surrounding the late filing rather than the circumstances of the conviction, and to whether the conduct of others prevented Petitioner from timely filing his petition.  Arthur, 452 F.3d at 1253 and n. 18 (collecting cases); Helton, 259 F.3d at 1314-15 (error to rely on underlying merits of the case to justify equitable tolling).

In Helton, the petitioner claimed extraordinary circumstances because his counsel gave erroneous advice as to when the petition was due under the one year time limit.  259 F.3d at 1313.  He claimed that he exercised due diligence in ascertaining the deadline, but was prevented from obtaining the information due to deficiencies in the

---

[6] The opinion was modified, but not in relevant part, on rehearing.  Arthur v. Allen, 459 F.3d 1310 (11th Cir. 2006) (replacing the discussion regarding entitlement to a hearing and discovery).

Case No. 4:06cv138-WS/WCS

prison law library, which did not contain the relevant amendments creating the time limit. *Id.*, at 1313-14.[7]  The court found no extraordinary circumstances based on counsel's miscalculation of the period, and no due diligence by the petitioner.  *Id.*  He did not specify when he found out about the alleged deficiency in the law library or what, if anything, he did about it.  *Id.*, p. 1314.  He did not state independent efforts to determine when the period commenced, "let alone that [the institution] somehow thwarted his efforts."  *Id.*  The record therefore did not "support a connection between Helton's untimely filing and any alleged inadequacies in the prison library."  *Id.*  It was not enough to say that the library "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."  *Id.*, *quoting* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Relying on Helton, the court in Arthur said that "[t]o show diligence, a petitioner claiming deficiencies in the prison library must provide details of the specific actions taken toward filing the petition."  452 F.3d at 1253 (*citing* Helton).  Petitioner must show efforts to determine the limitations period and how the prison "thwarted his efforts."  *Id.*, *quoting* Helton.

By his own allegations, Petitioner had access to a law library from October 20 until December 6, 1999, from January 5 to January 16, 2000, and from March 5, 2000, through the time he mailed his state court petition on October 14, 2000.  Doc. 6, pp. 3-5.

---

[7] The one year time limit was created by the Antiterrorism and Effective Death Penalty Act, effective April 24, 1996; Helton's conviction was final before then so he had a one year grace period from that date to file his petition.  *Id.*, at 1312 (citations omitted).  He received counsel's advice in December of 1997, and the law library of his institution did not have the 1996 amendments.  *Id.*, at 1314.

Petitioner provides no explanation of how earlier denials of library access or a writing instrument prevented him from filing his petition in state court on or before September 27, 2000, when the one year limitations period expired. He has not identified any actions taken by the prison to thwart efforts to seek relief from his conviction. *See* Akins, 204 F.3d at 1089 (petitioner failed to show how periods of prison lock down prevented him from filing on time, and failed to show extraordinary circumstances both beyond his control and avoidable even with diligence); Arthur, 452 F.3d at 1251-53 (finding no entitlement to equitable tolling due to alleged late notice of judgment and lack of representation by counsel; petitioner was aware, if belatedly, of the judgment, did not file a pro se petition or motion for counsel, and did not show any acts by others which prevented him from filing). Petitioner has not shown extraordinary circumstances beyond his control or unavoidable even with diligence, and is not entitled to equitable tolling.

Petitioner also claims that he is actually innocent as he was denied his right to a trial and instead had a mock jury, hand selected by the prosecutor, and the jury was sworn to convict him. Doc. 6, pp. 5-7. Petitioner claims that it has been proven that the one eyewitness committed perjury and the other witnesses were testifying from this one source. *Id.*, p. 8. Petitioner asserts misconduct by the prosecution, and that the state courts "know this case is probably the worst case of 'persecution' recorded in fifty years," so they "refuse to address it hoping it will go away." *Id.*, pp. 9-10

As set forth above, such claims are not relevant to equitable tolling. Petitioner's unsupported allegations of perjury and misconduct are insufficient to make a showing of

actual innocence.  See Arthur, 452 F.3d at 1245-46 (petitioner must support actual innocence claim with new reliable evidence raising sufficient doubt about the probability of guilt) (citations omitted); Helton, 259 F.3d at 1315, n. 2 (allegedly circumstantial nature of the case was insufficient to support a claim of actual innocence).

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 14) be **GRANTED**, and the court **DISMISS AS UNTIMELY** Petitioner's § 2254 petition challenging the 1998 judgment of the Third Judicial Circuit, Madison County, for burglary of a dwelling with battery, aggravated kidnapping of a child, and two counts of capital sexual battery.

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2007.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**